IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **LARRY J. HILES, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. **3:18-cv-0049** |
| ) | Judge **Aleta A. Trauger** |
| **CANNON COUNTY SHERIFF'S OFFICE** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

The plaintiff Larry J. Hiles, proceeding *pro se*, has filed a civil complaint under 42 U.S.C. §1983 against defendants Cannon County Sheriff's Office and Cannon County. (ECF No. 1.) Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* application, and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and

to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as directed in the accompanying order.

## II. Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### A. <u>Factual Allegations</u>

In his complaint, the plaintiff alleges that in January, 2017 he was incarcerated at the Cannon County Jail on misdemeanor charges. (ECF No. 1 at Page ID# 5.) He was eventually placed in a cell block with felony offenders. (*Id*.) Approximately 30 minutes after arriving in the cell block, the plaintiff was assaulted by at least two other inmates. (*Id*.) He was knocked unconscious two different times. (*Id*.) He asked for medical attention and to be taken to an outside hospital. (*Id*.) He was denied medical treatment by the Jail Administrator Ed Brown, the Sheriff Daryl Young and Jeanie, the nurse on call. (*Id*.) After complaining of a back injury, he was told to "get up and walk," to "stop faking" and to "be a man." (*Id*.) When plaintiff explained that he could not get up, Nurse Jeanie informed the Sheriff and Mr. Brown that the plaintiff would, "under law," have to be taken to Stones River Hospital. (*Id*.) Physicians at

2

Stones River Hospital contacted Vanderbilt physicians who advised that the plaintiff should be transported to Vanderbilt for evaluation and possible surgery. (*Id*.) The plaintiff was "immediately released" from Cannon County Jail. (*Id*.) The plaintiff alleges that he experienced multiple facial fractures, had two surgeries—plastic and reconstructive, has loss of vision in his left eye, long and short term head injuries, permanent brain damage issues, post-traumatic stress, a broken jaw, two broken teeth, a "broken elbow/injured elbow," neck and spine injuries and several more less serious medical issues as a result of this incident. (*Id*.) Plaintiff alleges that the jail and county have refused to take any responsibility for any of his medical bills even when contacted by Vanderbilt Hospital. (*Id*.)

Plaintiff alleges that Cannon County issued arrest warrants against him before he was medically cleared and before he could receive his follow-up treatments. The plaintiff was soon rearrested and jailed. As relief, the plaintiff seeks monetary damages.

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

3

complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**C. Discussion**

The plaintiff identifies the Cannon County Sheriff's Office as a defendant. The Sheriff's Office does not exist as a separate legal entity; it is simply an agent of the county. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)(holding that [s]ince the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint"); *Mathes v. Metro. Gov't of Nashville & Davidson Cty.,* No. 3:10-CV-0496, 2010 WL 3341889, at *1 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.") Accordingly, the Court must dismiss the Cannon County Sheriff's Office.

The plaintiff also sues Cannon County. The County cannot be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a municipality is liable only when its official policy or custom causes the injury. *Id.*

The plaintiff does not make any express allegations against the County, except to say that the County has refused to pay any of his medical bills, but assuming he intended to allege that the County is responsible for the initial delay he experienced before obtaining medical care, his allegations rest on a theory of vicarious liability and therefore do not state a claim. *Id.* Even assuming that the plaintiff intended to allege that the County is responsible for the physical attack he suffered at the hands of other inmates, he still could not state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555

F.3d 543, 549 (6th Cir. 2009). Plaintiff does not allege, nor could he, that the inmates who assaulted him were acting under color of state law.

Additionally, the plaintiff does not suggest that a custom or practice of the County caused his alleged injuries. As noted above, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 37-39 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. Moreover, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. The plaintiff fails to cite any policy or custom, the execution of which caused his injuries. The plaintiff therefore fails to state a claim against the County.

### III. CONCLUSION

In its current form, the court would dismiss the complaint *sua sponte* because it does not state a claim against the Cannon County Sheriff's Office or Cannon County. 28 U.S.C. § 1915(e)(2)(B)(ii). However, the plaintiff names three individuals in the body of his complaint—Sheriff Daryl Young, Jail Administrator Ed Brown and Nurse Jeanie—but he does not identify these individual as defendants. The Court cannot discern whether he intended to name these

6

individuals as defendants or not. However, given the nature of the plaintiff's allegations and the confusion regarding whom the plaintiff intended to name as a defendant in this action, the court will give the plaintiff an opportunity to amend the complaint as set forth in the accompanying order. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)(holding, "like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.") An appropriate order is filed herewith.

ENTER this 20th day of February 2018.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE