UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY J. HILES, <br><br> Plaintiff, <br><br> v. <br><br> CANNON COUNTY SHERIFF'S OFFICE, et al., <br><br> Defendants. | Case No. 3:18-cv-00049 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## **REPORT AND RECOMMENDATION**

In this civil rights action, pro se Plaintiff Larry J. Hiles alleges that, when he was incarcerated in the Cannon County Jail in January 2017, Defendants Ed Brown and Billy Mingle placed Hiles in cell #27, where they knew he would be assaulted by other inmates. On November 21, 2018, Brown and Mingle filed a motion to dismiss, arguing that Hiles's claims against them are barred by the statute of limitations. (Doc. No. 15.) Hiles has not responded to that motion, nor has he responded to the Court's January 11, 2019 order, which required him to show cause by February 1, 2019, why this action should not be dismissed for the reasons set out in Brown and Mingle's motion or for his failure to prosecute. (Doc. No. 17.) For the reasons that follow, the Magistrate Judge will RECOMMEND that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute and that Brown and Mingle's motion to dismiss (Doc. No. 15) be FOUND MOOT.

## I. Factual and Procedural Background

On January 16, 2018, Hiles filed a complaint alleging claims under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Doc. Nos. 1–2.) Hiles named the Cannon County Sheriff's Office and Cannon County as defendants and requested compensation for injuries he suffered after being attacked by other inmates while in the jail's custody. (Doc. No. 1.) On February 20, 2018, the Court granted Hiles's application to proceed *in forma pauperis* but dismissed Hiles's claims against the sheriff's office and the county after conducting a screening under 28 U.S.C. §§ 1915(e)(1) and 1915A. (Doc. Nos. 4–5.) Ordinarily, dismissal of the only named defendants ends an action, but the Court noted that Hiles's complaint included references to "Sheriff Daryl Young, Jail Administrator Ed Brown and Nurse Jeanie" and gave Hiles thirty days to amend his complaint if he sought to assert claims against those persons. (Doc. No. 4, PageID# 19; Doc. No. 5.)

Hiles filed an amended complaint on March 14, 2018, that named Cannon County, Jail Administrator Ed Brown, Sheriff Daryl Young, and Corrections Officer Billy Mingle as defendants.[1] (Doc. No. 6.) The Court screened Hiles's amended complaint on September 13, 2018, allowing only his claims against Brown and Mingle—which are based on their alleged decision to place Hiles in cell #27 despite their awareness that Hiles would likely be assaulted there—to proceed. (Doc. No. 10.)

Brown and Mingle were served on November 5, 2018 (Doc. Nos. 13–14), and filed a motion to dismiss on November 21, 2018 (Doc. No. 15). They argue that Hiles's claims against them are barred by the statute of limitations. (Doc. No. 16.) Because Hiles did not timely respond to that motion, the Court ordered him to show cause by February 1, 2019, why this action should

---

[1] Although Hiles filed a letter explaining that he could not file an amended complaint within the thirty days he had been allotted, the filing of his amended complaint was timely. (Doc. No. 7.)

2

not be dismissed for the reasons stated in Brown and Mingle's motion or for Hiles's failure to prosecute. (Doc. No. 17.) The order warned Hiles that his failure to respond would likely lead to the recommendation that this action be dismissed. (*Id.*) Hiles has not responded to that order.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Four factors guide the Court's determination of whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F.

3

App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.    Analysis**

Hiles has shown a record of delay in this action that has prevented its advancement. Accordingly, the action should be dismissed without prejudice under Rule 41(b).

**A.    Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Even if Hiles's failure to respond to the Court's show cause order was not in bad faith, that failure still reflects "willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show cause orders). Hiles actively litigated this action from January 16, 2018, through May 18, 2018, and demonstrated that he is able to prosecute his claims when he wants to. (Doc. Nos. 1, 2, 7–9.) This factor supports dismissal.

4

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Brown and Mingle expended time and resources drafting their motion to dismiss. This factor supports dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Hiles that failure to respond to the show cause order would likely lead to a recommendation that his action be dismissed. (Doc. No. 17.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here. That is so even though Brown and Mingle have filed a motion to dismiss. *See Ortiz v. Donnellon*, No. 11-14154, 2012 WL 1957306, at *1 (E.D. Mich. May 31, 2012) (affirming report and recommendation that dismissed pro se plaintiff's complaint without prejudice for failure to

prosecute and found defendants' motion to dismiss moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

## IV. Recommendation

Considering the four relevant factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and that Brown and Mingle's motion to dismiss (Doc. No. 15) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 12th day of April, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge